UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAPP FAMILY, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:14-cv-01200-RLY-DML |
| ) | |
| AMCO INSURANCE COMPANY, ) | |
| THE CINCINNATI INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON AMCO'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendant, AMCO Insurance Company, moves for enforcement of a settlement agreement allegedly reached via email with Plaintiff, Sapp Family, LLC. For the reasons set forth below, the motion is **GRANTED**.

**I.   Background**

Plaintiff suffered storm-related damage to its roof and sought coverage from its prior carrier, AMCO, and from its current carrier, Cincinnati Insurance Co. (Pl.'s Statement Claims 1–2). Both insurers denied Plaintiff's claims for coverage on grounds that the damage was done outside the policy period. Plaintiff then brought the present action for breach of contract and bad faith denial of coverage.

In January 2015, Plaintiff and AMCO engaged in a series of emails concerning settlement. On January 29, 2015, Plaintiff and AMCO agreed to the following terms: (1) a $20,000 payment from AMCO to Plaintiff in exchange for (2) the confidentiality of the

settlement, (3) the release of all claims against AMCO, and (4) a stipulation of dismissal. (Filing No. 30, Verified Mot. Enforce Settlement, Ex. A at 2). Plaintiff, through its attorney, replied, "Agreed. Go ahead and draft the paperwork." (*Id.* at 2).

On February 4, 2015, Plaintiff asked AMCO "where we are on this," and AMCO responded, "I have requested the check and dictated the release. Will forward when received." (*Id.* at 1). The following week (February 11, 2015), the Plaintiff requested AMCO suspend the drafting of settlement papers because it was "re-assessing the weather history." (*Id.*).

AMCO now seeks enforcement of the January 29th settlement agreement. Plaintiff claims the alleged agreement lacks an essential term – prompt payment – and that AMCO "clearly had no intent to make payment immediately."

## II. Discussion

"Indiana strongly favors settlement agreements," and "if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003) (citing *Scott v. Randle*, 697 N.E.2d 60, 63 (Ind. Ct. App. 1998)). Settlement agreements are governed by the same principles of contract law as other agreements. *Id.* (citing *Ind. State Highway Comm'n v. Curtis*, 704 N.E. 1015, 1018 (Ind. 1998)). Generally, settlement agreements are not required to be in writing. *M.H. Equity Managing Member, LLC v. Sands*, 938 N.E.2d 750, 756 (Ind. Ct. App. 2010).

The basic requirements of a contract include offer, acceptance, consideration, and a "meeting of the minds." *Sands v. Helen HCI, LLC*, 945 N.E.2d 176, 180 (Ind. Ct. App.

2

2011). In determining whether a contract is enforceable, there must be an "intent to be bound and definiteness of terms." *Wolvos v. Meyer*, 668 N.E.2d 671, 675 (Ind. 1996) (quoting Arthur Linton Corbin & Joseph M. Perillo, *Corbin on Contracts* § 2.8 at 131 (rev. ed. 1993)). "Parties may make an enforceable contract which obligates them to execute a subsequent final written agreement," so long as the agreement is "expressed on all essential terms that are to be incorporated in the document." *Sands*, 945 N.E.2d at 180 (citing *Wolvos*, 668 N.E.2d 674).

Plaintiff argues that immediate payment was an essential term of the settlement agreement due to the "ongoing deterioration of the building from lack of repairs and weather conditions." Plaintiff represents that it discussed the necessity of that term with AMCO in prior conversations dating back to January 13, 2015. (Filing No. 33, Pl.'s Verified Resp. AMCO's Mot. Enforce Settlement at 1). Because the terms set forth in the January 29th emails did not include that essential term, Plaintiff argues "the attempted settlement failed." (*Id*. at 3).

Plaintiff's argument fails for two reasons. First, under Indiana law, where the time for payment is not specified, "a reasonable time is usually read into the contract." *In re Estate of Moore*, 714 N.E.2d 675, 677 (Ind. Ct. App. 1999) (citing *Ind. Farmers Mut. Ins. Co. v. Walters*, 50 N.E.2d 868, 870 (1943)). Thus, the fact that the informal settlement agreement did not have a payment deadline is not fatal to its enforcement. Moreover, what constitutes a reasonable time is typically one of fact "'unless the evidence is susceptible of only one reasonable inference in that respect.'" *Rogier v. Am. Testing and*

3

*Eng'g Corp.*, 734 N.E.2d 606, 617 n.4 (Ind. Ct. App. 2000) (quoting 12 Am. Jur.2d *Brokers* § 74).

Here, the parties settled on all essential terms of the contract on January 29, 2015. On February 4, 2015, in response to Plaintiff's counsel's inquiry, AMCO's counsel responded, "I have requested the check and dictated the release. Will forward when received." (Verified Mot. Enforce Settlement Ex. A at 1). Thus, in less than a week after the parties' informal settlement, AMCO's counsel was merely waiting on the check for Plaintiff. As a matter of law, AMCO fulfilled its payment obligations under the settlement agreement within a reasonable time. *See Ind. Farmers*, 50 N.E.2d at 870 (affirming trial court's conclusion that a month was a reasonable time to complete the terms of settlement); *see also Estate of Moore*, 714 N.E.2d at 677 (concluding that distribution of an estate within three months was not unreasonable).

Second, Plaintiff's suggestion that it was entitled to disregard the settlement due to AMCO's failure to make a "prompt payment" is not supported by the evidence. When Plaintiff's counsel accepted AMCO's offer, she included no condition or time specification requiring payment by AMCO by a particular date. Instead, she responded in unequivocal terms: "Agreed. Go ahead and draft the paperwork."

Plaintiff also challenges the proposed settlement agreement because there was no meeting of the minds. "A meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract." *Zimmerman v. McColley*, 826 N.E.2d 71, 77 (Ind. Ct. App. 2005). In determining the parties' mutual intent, the court

4

looks to "the final expression found in conduct." *Id*. Intent is a factual matter to be determined by all of the circumstances. *Id.*

The parties' intent to be bound is reflected not only in the January 29th emails that conclude with Plaintiff's agreement to AMCO's terms, but also in subsequent emails dated February 4, 2015. Plaintiff's counsel asked AMCO's counsel, "Hey Rick. Let me know where we are on this. Thanks!" (Verified Mot. Enforce Settlement Ex. A at 1). AMCO's counsel responds, "I have requested the check and dictated the release. Will forward when received." (*Id*.). It was not until February 13, 2015, that Plaintiff cited the need for immediate payment as reason for its withdrawal. (Filing No. 33, Pl.'s Verified Resp. AMCO's Mot. Enforce Settlement Ex. 2 at 1) ("I was clear it had to be a quick payout so he could get the dire repairs done – now the lack of repairs have caused more damage."). The court therefore finds the parties shared a mutual intent to be bound by the January 29th settlement terms. AMCO's Motion to Enforce Settlement is **GRANTED**.

In addition, AMCO moves for attorney fees "based upon evidence to be submitted in the future" for having to file the present motion. AMCO failed to provide any legal authority or support for the request. *See Frazier v. Indiana Dept. of Labor*, No. IP01–0198–C–T/G, 2003 WL 21649931 at n.4 (S.D. Ind. 2003) (denying defendant's request for attorney's fees because the requesting party "fail[ed] to provide any legal authority or other support for the request"). Accordingly, AMCO's request for fees is **DENIED**.

### III. Conclusion

For the reasons above, AMCO's Motion to Enforce Settlement (Filing No. 30) is **GRANTED**, and the request for attorney's fees is **DENIED**.


**SO ORDERED** this 8th day of July 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.